Mathew K. Higbee, Esq., SBN 241380
Kelton Johnson, Esq., SBN 303535
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8331
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
Email: kjohnson@higbeeassociates.com

*Attorneys for Plaintiff,*
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> SPROUTS FARMERS MARKET, INC.; SPROUTS FARMERS MARKETS HOLDINGS, LLC; and DOES 1 through 10 inclusive. <br><br> Defendants. | Case No. 8:19-cv-02234 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Adlife Marketing & Communications Co., Inc. ("Adlife" or "Plaintiff"), brings this complaint against Sprouts Farmers Market, Inc., Sprouts Farmers Markets Holdings, LLC, and DOES 1 through 10, inclusive (collectively "Sprouts" or "Defendant") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendant for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and breach of contract.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1331 (federal question), and 28

U.S.C. §§ 1338(a) (copyright).

3. Personal jurisdiction exists over Defendant because Defendant is physically present in California, with a physical store located at 3011 El Camino Real, Tustin, CA 92782 and, on information and belief, approximately 110 other stores across the State of California many of which are located in this judicial district. Additionally, Defendant directed its infringing conduct towards California citizens and has wrongfully caused Plaintiff injury in the State of California.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant has minimum contacts in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant has minimum contacts, committed the acts of infringement, and has numerous regular and established places of business in this judicial district.

## PARTIES

5. Plaintiff Adlife Marketing & Communications Co., Inc. ("Adlife") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island.

6. On information and belief, Defendant Sprouts Farmers Market, Inc. is a Delaware corporation headquartered in Phoenix, Arizona, which operates the Sprouts Farmers Market grocery store chain and a website, https://www.sprouts.com/.

7. On information and belief, Defendant Sprouts Farmers Market Holdings, LLC is a Delaware Limited Liability Company headquartered in Phoenix, Arizona, which operates the Sprouts Farmers Market grocery store chain and a website, https://www.sprouts.com/.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on

that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## STATEMENT OF FACTS

*Adlife and the Photographs Forming the Subject Matter of This Complaint*

9. Adlife is an advertising and marketing agency whose team of seasoned professionals has, for decades, provided elite branding services to its clientele. With its innovative marketing campaigns and its production of high quality printed pieces such as retail circulars, signage, pamphlets and more, Adlife enables its clients to build a brand through compelling visual arrangements.

10. For decades, Adlife has created, artistically arranged and professionally produced a library of still images of food and other grocery items. Adlife's library now consists of over 20,000 photos. The photographs are high-resolution, artistically rendered with pleasing angles and selective lighting, color-corrected and color-separated, which makes them particularly valuable as, when used together, they provide color consistency.

11. For valuable consideration, Adlife has licensed the rights to reproduce, distribute and publicly display its copyrighted photographs, or derivative versions thereof, to other advertising agencies and retailers.

12. Adlife is the holder of all rights, title and interests in and to said food photographs, which form the subject matter of this dispute (the "Copyrighted Food Photographs").

13. Adlife has registered these Copyrighted Food Photographs with the United States Copyright Office, and the registrations have been accepted and registration certificates issued to Adlife.

***Defendant Sprouts***

14. Defendant Sprouts is a larger-than-two billion dollar company that operates more than 300 grocery stores in 20 states under the "Sprouts" brand. Sprouts is a healthy grocery store that offers fresh, natural, and organic food, including fresh produce at the heart of the store, an area with prepared entrees and side dishes, The Butcher Shop, The Fish Market, supplements, bulk foods, and more. Sprouts specifically targets those who are interested in healthy eating, people who have middle to upper income, and people who want to save money and spend wisely. Sprouts appears to be one of the fastest growing retailers in the country and is publicly traded on the NASDAQ Stock Market.

15. In order to advertise its grocery products, Sprouts posts food images to its website (https://www.sprouts.com/, the "Sprouts Website").

16. In order to advertise its grocery products, Sprouts posts food images to at least one third-party website called Instacart (a grocery delivery service).

17. In order to advertise its grocery products, Sprouts distributes regular print and digital circulars to thousands of households.

18. Sprouts' print circulars consist primarily of prominently displayed food images accompanied with name and pricing information. This print circular is also distributed as a digital version online. *See* https://www.sprouts.com/weekly-ad/.

19. On information and belief, Sprouts uses these advertisements to not only sell the item being advertised, but to entice people to enter a store where they will likely purchase numerous items not advertised.

20. On information and belief, food photographs in advertising are especially important to Sprouts because it is trying to advertise products that are fresh and natural.

21. On information and belief, Sprouts relies on professional quality food photographs to sell food on the Instacart grocery delivery service platform.

22. The food images posted to Instacart by Sprouts are the only images of

the food visible to the customer on Instacart until it has been delivered to the customer's home.

23. According to a 2017 Nielsen Homescan study, about 80% of U.S. households still use circulars and other traditional, printed sources for information about retail store products and offerings. Attached hereto as Exhibit A is a true and correct news article from Nielsen Homescan explaining the results of its study.

***Sprouts' Infringement of Adlife's Copyrighted Food Photographs***

24. In November of 2018, Adlife discovered that Sprouts was using one of Adlife's Copyrighted Food Photographs, an image of raw shrimp, on the Sprouts website which, on information and belief, had been uploaded to the Sprouts Website server in May of 2018.

25. After investigating further, Adlife discovered that 13 of its Copyrighted Food Photographs were being used a total of 99 times by Sprouts on the Instacart grocery delivery website.

26. As of the date of this Complaint, Adlife has identified 13 of its Copyrighted Food Photographs appearing in Sprouts' advertising a total of 101 separate uses, in both print and online media.

27. One of Adlife's Copyrighted Food Photographs, the photograph of raw shrimp, was featured in Sprouts' print circular being distributed in Orange County for the week of November 6, 2019 to November 13, 2019.

28. Attached hereto as Exhibit B are the screenshots of the infringing image on Sprouts' Website.

29. Attached hereto as Exhibit C is a spreadsheet containing information about the Copyrighted Food Photographs at issue on the Instacart platform.

30. Attached hereto as Exhibit D are true and correct records of an infringement audit performed by Adlife showing Sprouts' infringing use of Adlife's Copyrighted Food Photographs on Instacart.

31. Attached hereto as Exhibit E is a true and correct copy of the print and

digital circular found both online at Sprouts Website for the Orange County, CA area and that was mailed to local households in Orange County, CA.

32. Attached hereto as Exhibit F are two additional Copyrighted Food Photographs on Instacart found after the infringement audit performed by Adlife.

33. On information and belief, Sprouts continues to use additional Copyrighted Food Photographs that have yet to be identified by Adlife. Adlife will amend its complaint once the totality of Sprouts' infringing actions are ascertained.

34. Sprouts' use of the Copyrighted Food Photographs for advertising and promotional purposes is irrepressibly commercial.

35. Said use has and continues to generate revenue for Sprouts by luring clientele with high-quality food stills, thereby increasing demand for Sprouts' retail products.

36. Adlife had/has no record of Defendant purchasing a license to use any of its Copyrighted Food Photographs, and never authorized Defendant to use any of its Copyrighted Food Photographs in any manner.

37. On information and belief, Sprouts has not purchased a license to use the Copyrighted Food Photographs through Adlife's website www.PreparedFoodPhotos.com.

***Adlife's Distribution of its Copyrighted Food Photographs***

38. Adlife currently offers its entire library of Copyrighted Food Photographs for licensing through a monthly subscription service to its website www.PreparedFoodPhotos.com.

39. Subscribers to www.PreparedFoodPhotos.com pay a negotiated rate for access to Adlife's library. A current subscription to Adlife's library through www.PreparedFoodPhotos.com is charged on a per month basis depending upon a variety of factors including, among other factors, the number of locations supported by each subscriber.

40. Adlife does not currently license its Copyrighted Food Photographs by

Complaint For Damages
And Injunctive Relief

any other means.

41. In the past, Adlife has authorized a third party company, MultiAd/LSA, to license limited portions of their image library containing some of the Copyrighted Food Photographs.

42. MultiAd/LSA, was authorized to allow its clients access to approximately 12,000 Copyrighted Food Photographs owned by Adlife on a subscription basis. In 2016, Adlife and Multiad/LSA ended their business relationship and all Multiad/LSA customers were sent notice in December of 2016 that use of Adlife images after March 1, 2017 would be considered unauthorized.

43. On information and belief, Sprouts obtained the copyrighted food photographs from Multiad/LSA.

44. On information and belief, Sprouts received notification from Multiad/LSA informing them that use of Adlife's Copyrighted Food Photographs after March 1, 2017 would be unauthorized.

45. Adlife previously has licensed portions of its library through a company called iStock (part of Getty Images). iStock offered royalty free single seat (Standard) and multi-seat (Extended) licenses.

46. Of the thirteen discovered Copyrighted Food Photographs used by Defendant, only one image, the photograph of chicken wings, was ever offered for license through iStock.

47. Adlife verified with Getty Images that iStock never licensed this chicken

wing photo to Sprouts.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***
**Against All Defendants**

48. Adlife incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Adlife is the owner of all rights, title, and interest in the copyrights to the Copyrighted Food Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.

50. Adlife's Copyrighted Food Photographs have been registered with the United States Copyright Office and perfected registration certificates have been issued.

51. Plaintiff is informed and believes and thereon alleges that Sprouts has directly, vicariously, contributorily and/or by inducement willfully infringed Adlife's copyrights by reproducing, displaying, distributing, and utilizing the Copyrighted Food Photographs in violation of 17 U.S.C. § 501 *et seq.* knowing that its did not have a license agreement to use the images.

52. Sprouts has willfully infringed, and unless enjoined, will continue to infringe Adlife's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photographs.

53. All of Sprouts' acts are and were performed without Adlife's permission, license, or consent.

54. Adlife has identified at least 101 instances of infringement of at least 13 of its Copyrighted Food Photographs by way of unlawful reproduction and display.

55. On information and belief, Sprouts has further infringed in materials not yet available to Plaintiff due to the absence of discovery. If and when other infringements are determined and discovered in this case, Adlife expressly reserves the right to amend the pleadings to include additional acts of infringement as needed.

56. The said wrongful acts of Sprouts have caused, and are causing, great

injury to Adlife, which damage cannot be accurately computed, and unless this Court restrains Sprouts from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law.

57. Accordingly, Adlife seeks a declaration that Sprouts is infringing its copyrights and an order under 17 U.S.C. § 502 enjoining Sprouts from any further infringement of its copyrights.

58. As a result of Sprouts' violations of Title 17 of the U.S. Code, Adlife is entitled to recover damages in the form of any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

59. As a result of Sprout's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Sprouts.

60. Adlife is also entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Adlife requests judgment against Sprouts as follows:

1. Sprouts and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Sprouts be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Copyrighted Food Photographs of Adlife pursuant to 17 U.S.C. § 502;

2. The Court enter a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Sprouts, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Adlife's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers

or any other media, either now known or hereafter devised, bearing any image which infringes, contributorily infringe, or vicariously infringes upon Adlife's copyrights in the Copyrighted Food Photographs as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

  3. An accounting be made for all profits, income, revenue, receipts or other benefit derived by Sprouts from the infringing and unlawful use, reproduction, copying, display, promotion, distribution, or sales, either now known or hereafter devised, of Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

  4. Actual damages and disgorgement of all profits derived by Sprouts from its acts of copyright infringement to reimburse Adlife for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Adlife's election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

  5. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

  6. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or as otherwise available by law;

  7. Prejudgment interest to Adlife on all amounts owed; and

  8. Any such other and further relief as the Court may deem just and appropriate.

| | | |
|---|---|---|
| 1 | Dated: November 18, 2019 | Respectfully submitted, |

**/s/ Kelton Johnson**
Kelton Johnson, Esq.
Cal. Bar No. 303535
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Adlife Marketing & Communications Co., Inc., hereby demands a trial by jury in the above matter.

Dated: November 18, 2019                                      Respectfully submitted,

**/s/ Kelton Johnson**
Kelton Johnson, Esq.
Cal. Bar No. 303535
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*